## LEVITT v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

DAMAGES—EXCESSIVE VERDICT.

A verdict of $4,300 is excessive, where the injuries to plaintiff, a boy 17 years old, caused him considerable pain for several months, and diminished his earning capacity $6 per week, but from which it is probable that he will entirely recover in three or four years. O'Brien, J., dissenting.

Appeal from trial term, New York county.

Action by Nathan Levitt, an infant, by Anna J. Levitt, his guardian ad litem, against the Nassau Electric Railroad Company, to recover for personal injuries. Plaintiff was 17 years old when injured; was a workman in a silversmith's shop, and earned from $10 to $12 per week. At the time of the trial he had returned to his employment, and was able to earn from $4 to $5 per week. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

J. C. Church, for appellant.

W. Grossman, for respondent.

VAN BRUNT, P. J. This action was brought to recover damages alleged to have been sustained by the infant plaintiff, resulting from the negligent management by the defendant of its railroad, upon which he was a passenger. Upon the trial of the case the defendant admitted the negligence which resulted in the injuries to the plaintiff, and such trial thereupon became simply an assessment of damages. Proof was taken tending to show the injuries which the plaintiff had sustained, and the jury rendered a verdict in his favor for the sum of $4,300. A motion having been made for a new trial, which was denied, from the judgment and order thereupon entered this appeal is taken.

It seems to us, upon an examination of the evidence, that the damages were excessive. It is true that the infant plaintiff was injured, and endured considerable pain and suffering, and was prevented from pursuing his ordinary avocations. The accident in question happened in June, 1896, and in October, 1896, the case was tried. At the time of the trial the plaintiff had not entirely recovered, but was suffering inconvenience in his urinary organs. There was no evidence, however, that the injury in question would be permanent. He was then earning about half the wages which he had earned before, and it appeared that the probabilities were that in three or four years he would entirely recover. Under these circumstances, the verdict of the jury seems to have been considerably more than compensatory, and we think a new trial should be granted unless the plaintiff stipulates to reduce the verdict to $3,300.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff

stipulates to reduce the judgment to $3,510.97, in which event judgment, as so reduced, affirmed, without costs to either party.

WILLIAMS, PATTERSON, and INGRAHAM, JJ., concur.

O'BRIEN, J. (dissenting). The amount of damages was a question peculiarly within the province of the jury, and even though we might, upon the same facts, had the question been presented to us, have given a little less, I do not think we should usurp the functions of the jury in a case where there is nothing to show that they were actuated by bias, prejudice, or passion. I therefore dissent.